Chief Justice Bibb
delivered the Opinion of the Court.
Samuel Thornton sued the sheriff’ of Mason and his sureties, upon the official bond, in debt.
The breach assigned is, that upon a fieri facias, in favor of Daniel Perrine, against John Whipps aud another, the sheriff sold the tract of land of John Whipps, of one hundred and twenty one-acres, given up by said Whipps, for a sum of money exceeding the amount of the execution by thirty-three dollars seventy-five cents; that Thornton became the highest bidder and purchaser;»that the sheriff, by his deputy, who made the sale,jtook a bond with security from Thornton, payable in' two years, to Perrine the creditor, for the amount of the execution, and a bond to the said Whipps, payable in like manner, for the- surplus^ and executed a deed, to • said Thornton for the «said one hundred and twenty-one acres of land; that in an ejectment by Thornton against Whipps, the circuit court adjudged the sale void, and that Thornton could take nothing by his purchase; and said Thornton was.adjudged to pay the costs of suit; he avers that, he paid to said Perrine, on the-day of December, 1824, the full amount of the bond, and,so he avers the sheriff had not well and truly executed his office; but had violated his duty by selling the whole tract, instead of selling only so much as was sufficient to pay the execution. j
The defendants pleaded nil debit; and conditions performed.
The jury found for the plaintiff': the questions now presented for consideration arise out of bills of exceptions taken by tiie defendants below, to tbe *28 opinions of the court, upon motions for instructions to the jury, and in relation to evidence.
Evidence given on the trial.
The sale by the sheriff was made and the bonds executed on the 16th October, 1822, payable in two years.
The plaintiff gave in evidence the execution a~ gainst Whipps and the sheriff’s return, and the two bonds executed, the one to the plaintiff in the execution, the other to Whipps, the defendant in execution.
He introduced the receipt of Perrine for the principal and interest on the bond to him; the receipt is without a subscribing witness and bears date 28th, December, 1824, and the witness who proved the execution of the receipt also proved that no money was paid, “but that Thornton had so secured Per-rine tiiat he was satisfied, as he said, and as the receipt says satisfied.”
The defendant proved tiiat Whipps was present the sale, shewed some of the lines and corners to the commissioners who valued the land; after the sale he enquired of the sheriff how he was to get the surplus, above the amount of the execution, for which the land sold; the sheriff told him he would take bond from the purchaser, to which Whipps made no reply, but appeared reconciled and shewed no dissatisfaction.
Whipps had issued execution on the bond so taken to him, and Thornton had filed his bill with injunction, which is yet pending.
The defendant also gave in evidence the /deed by the sheriff to the plaintiff for the laud so sold, bearing date 27th November, 1822, containing a covenant to warrant the land, “against the claim of all and every person or persons whatever, so far as by law and the duties of his office he is bound to warrant the same, but no further or otherwise.”
It was proved that Thornton was the highest bidder at the sale, and that he bid the amount for which the two bonds were taken. This was the 'whole evidence.
Instructions moved by the defendant,refused by the court.
Instructions given by the court.
Objection to Pernne’s receipt, overruled, and exceptions.
Whereupon the defendant moved for instructions:
First, That if the sheriff sold more land than sufficient to satisfy the execution, by the consent of Whipps, and that Thornton knew at the time of Iris purchase, that more than enough was sold, and that it was sold by consent of Whipps, he could not recover in this suit.
Second, That the sheriff having made thá deed, the plaintiff must resort to his action on the deed, and cannot recover in this suit.
Third, That the plaintiff cannot recover in this suit, unless proof was introduced to shew that Thornton had paid to Perrine the money mentioned in the bond.
The court refused these instructions, and as to the last expressed the opinion that the receipt from Per-rine to Thornton, although no money was paid, was nevertheless evidence of satisfaction, and whether by money or by some other arrangements, was not material.
Upon motion of the plaintiff, the court instructed the jury in substance and effect: first, that the act of the sheriff in selling more land than necessary to satisfy the execution rendered the sale void.
Secondly, That notwithstanding the sale was void, Thornton was bound by his bond to the creditor, Perrine, and could obtain no relief in law or in equity, against his bond for the purchase money; and,
Thirdly, That he had a right to recover the a mount of the sheriff, if the jury found that receipt to have been given.
To which several opinions the defendant excepted.
When the receipt of Perrine was offered, and proved to be in his hand writing, the defendant objected to the reading of the receipt, as not the best evidence in the plaintiff’s power; proving that Per-rine lived in the county, and objecting that nothing that Perrine could say or write, when not on oath, could be given in evidence against the defendant; but the court was of opinion it was competent evi- *30 deuce, ami might be road notwithstanding the defendant’s objection; and it was read upon the proof of his band writing, by a witness who was present and saw it executed, under the circumstances before stated; and to the admission of the receipt the defendant excepted.
tóhoriíT’d aale of moro fanil than noces-sary to satisfy iho execution cao be ratifica by tbr uofoiid-aut, only by a writing v tl-i J vatjioi the stain;o of fr. ml* and porjuaes: :iot by iwoii!vT a a c';(vut«o*i v-n the bo ad liken of iho purchaser for ihe i urpJus of the sale money.
The first instruction moved by the defendant below, relates to the supposed validity of the sheriff’s sale, by reason of Whipp’s assent to that sale. This proposition must ho considered in reference to the-evidence of assent as given, and not to every possible form of assent. The sheriff derives 1ns authority to sell and convey land from the law and his duties as sheriff as prescribed by law. In selling more land than was sufficient to satisfy the execution, he exceeded his authority derived liom the law and his commission as sheriff, and the command, of the precept under which he acted. The sale as made enunot be so seperated and divided into parts ami parcels, as to be good for one part or parcel of iue land, and void as to the residue. If this sale is to joe made valid, it must be by an authority derived from the defendant Whipps, of a kind and character sufficiently solemn in law to bind Whipps, and to confer an authority to sell lands, which, his ai»-t'.oriiy as sheriff, acting under the precept contained in the execution, did not warrant him to do. The act of Widens, in showing the land to the commissioners for their valuation, is no assent or authority to the sheriff’s sale of the whole tract. lie was performing then, an act which assisted the commissioners to perform their duties, and also assisted the sheriff’ to ascev.-mi how much of the lar,J -bould he sold, or whether any sale would he maue; the law re<;. ;ring the land to be Fold at not less than three tourihs of its value. The after inquiry of 'Whipps as to the surplus of the price, is not sufficient evidence of a previous authority to the sheriff, nor of a ratification binding in law; nor is the issuing of the execution on the bond to him, a sufficient and binding ratification, or evidence of an authority to sell. ■ All these acts of assent want the solemn form prescribed by the statute against frauds and perjuries, and the statutes regulating convoyan- *31 ces. If Whipps, by his answer in chancery to Thornton’s bill, had assented to and ratified the sale, that misfit have made the sale valid; but there is no evidence of such assent. To suffer the sheriff or persons claiming under him, to cover and protect an illegal and unauthorised sale of land, by the mero parol assent or declarations, or acts, of such character as these now relied on, would be mischievous; and in contravention of the statute against frauds and perjuries. Less evidence to affirm such a sheriff’s sale as the present, than that which is required by the statutes of conveyances, and of frauds and perjuries, for conferring an authority to sell or to convey, cannot be sufficient. To suffer sheriffs to cover their acts, exceeding their authority derived from the law, by flimsy and equivocal evidence of the assent of the party, would be of very dangerous consequence. As a power claimed to be derived from the party to the execution, over and above his powers and authorities given him by law, it must be evidenced by tlie same solemnity and certainty, which would be necessary were be not sheriff. The court, therefore, did not err in refusing this instruction, connected with the evidence to which it had reference.
Sheriff»8 war-oon\=cyanoo of the'land, does not sup^chascr’t remedy on° the sheriff’s • breaoh'of the condition in making tiui
b sheriff; under execution, or n'ore lat# than necessa-sy, is void,
*31 The second instruction, as proposed by the defendant, was properly refused. If the ‘purchaser might have acted on his deed, yet it does not thence follow that he could not have an action on the slier-iff’s’bond, against him and his sureties, for an act done by the sheriff, in violation of the condition of the bond, prejudicial to the plaintiff. The measure of damages in the former and in the latter case, may lie very different, and the evidence necessary to support,the former and the latter, is very different, The evidence to support an action for breach of the covenant of warranty may he wanting, and yet ‘the evidence of a breach of the condition of the sheriff’s bond may be clear.
What has been said upon the first instruction moved I>y the defendant, is sufficient to shew the reasons of this court for approving the first instruction moved by the plaintiff and given by the court, *32 when applied to the then existing state of the evi-deuce. The resolution of this court upon the se-con(^ an<^ third instructions asked by the plaintiff given by the court, will supersede any particular response to the third instruction asked by the defendant as well as to his exception to admitting the receipt of Perrine. For all these resolve themselves into the question of damages to the extent of the bond to Perrine and his receipt for the amount.
f the exe tfon,maya-void’ it by rnotion or bill m couitv.— Bond given by the purchaser at such sale of more land than necessary to satis-in equity.-
And-
der the sheriff liable. Purchaser in' such case, paying the bonds for the purchase money, does not thereby ren-
Sales of land under execution, made without authority iu the sheriff, are void, otherwise, where the objection is for irregularities committed by thp sheriff, in what he had .authority tcf do.
*32 f The second and third instructions as given, assert that the plaintiff Thornton was bound by his bond to Perrine, and was without relief from it in law, or in equity notwithstanding the sale was void; and that the sheriff was responsible to that amount. To these propositions this court cannot assent. The salc was void in law for want of authority in the sheriff to make the sale as he did; the bond given on a void sale, and for the land so sold by the sheriff and purchased by Thornton, was not of that force jn ]aw allq equity ascribed to it in the instruction given. Thornton was bound to know the law, he knew the fact that the sale was for more money than the execution amounted to, he gave bonds to the sheriff, one for the amount of the execution to Perrine the creditor, the other to Whipps the debtor in the execution. These bonds might have been avoided upon the motion of Thornton the purchaser, to the court whose process had been thus abused, or by bill in equity.
With a knowledge of the error thus committed by the sheriff, and that he had acquired no title, if he has paid Perrine the amount of that bond, or by liis arrangements bound himself so to do, his own act and will, and not the act of the sheriff, has obliged him. His negligence or supineness in failing aPPty f°r redress against that sale, and voluntary payment to, or arrangement with Perrine, does not and cannot create a liability of the sheriff, to the amount so voluntarily paid.
This is not like the cases where some of the ceremonies prescribed by latv to the sheriff in making ga}eSj have been omitted, which cannot be seen and *33 known by inspecting tbe process and acts of tbe sheriff; such as want of advertisement, or other irregularities, in pursuance of his authority. This is a sale void in law, for want of authority in the sheriff to do the act. There is a wide difference between exceeding his authority, and an irregular conduct in doing that which he had authority to do; between a want of authority to do the act, and the omission of some of those ceremonies which he ought to have observed, iu doing that which he had authority to do. The extent of the authority committed to the sheriff, and the.limits prescribed to his authority in selling'lands, all citizens are bound to know; they grow out of and are contained in the statutes. But whether the sheriff has or has not conducted himself irregularly, whether he has advertised as required by law, and given tbe defendant notice of the day of sale &c. are matters which individuals are not bound to know. The want of authority to make the sale, necessarily avoids it; irregularities in coming to the act which he had full authority to perform, do not necessarily avoid the sale, they may or not, according to the circumstances and the parties implicated.
Where, at a sheriff’s sale of land, the whole tract is unnecessarily-sold for more than the amount of the execution, the purchaser, who voluntarily pays the plaintiff the purchase money, can recover but nominal damages of the sheriff for breach of, the condition of his bond.
Nominal damages, it seems, are recoverable in such case.
*33 Thornton was hound to know, that the sheriff had not, by law and his office, authority to sell more land than sufficient to satisfy the execution. Although he might-not know that the sheriff had exceeded his authority, at the moment the land was cried off to him as the best bidder, yet before the bonds were executed he.knew the fact, for the bonds declared it. Had he refused to execute the bonds, and take a deed, he would have been justifiable. After executing them, he could have applied for relief against them. The amount of the bond so voluntarily executed and voluntarily arranged by him with Perrine, to procure that receipt from Perrine; was not a criterion of damages, whether paid or unpaid.
Upon the case made out by the plaintiff in proof, he was not entitled to more than nominal damages. The erroneous instructions, as given, subjected the *34 defendant to damages to the amount of the bond to Perrine.
■■Crittenden, for plaintiff; .BxOwn, for defendant.
It is the opinion of this court, that the circuit court erred in the second apd third instructions, as moved on the part of -the plaintiff, and given by the court to the jury.
It is therefore considered by tl is court, that the judgment of the circuit be reversed, the verdict set aside, and the cause remanded for a venire facias de novo; it is farther considered that the appellant recover his costs in this court, to.be'paid by the relator Samuel Thornton.